## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA

TYRONE WALLER,

      Plaintiff,

v.

DANNY MARTINEZ and DAVEY
RESOURCE GROUP, INC.,

      Defendants.

Case No. _____

[Removed from the Circuit Court of
Hale County, Alabama,
Case No. 36-CV-2021-90007500]

### NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332(a), 1441(b), and 1446, Defendant Davey Resource Group, Inc. ("Davey") hereby removes the above-captioned action from the Circuit Court of Hale County, Alabama, where it is now pending, to the United States District Court for the Southern District of Alabama, stating as follows:

### I.  THE REMOVED ACTION AND PLAINTIFF'S ALLEGATIONS

1.  On December 8, 2021, Plaintiff Tyrone Waller commenced this action against Defendants in the Circuit Court of Hale County, Alabama, bearing Case No. 36-CV-2021-90007500 (the "State Court Action").

2.  In his Complaint, Plaintiff alleges physical injuries following a November 18, 2021 motor vehicle accident with a vehicle driven by Danny Martinez and owned by Davey. (Compl. ¶ 8.)

3.  Plaintiff asserts claims for (i) negligence/wantonness; and (ii) negligent entrustment. (Compl. ¶¶ 11, 18.)

4.  Specifically, Plaintiff claims he suffered damages "due to the wanton conduct of the Defendants" and "due to the Defendant's negligent and wanton entrustment which proximately

caused the Plaintiff to suffer injury and damages." (Compl. ¶¶ 11, 12, 18, 19.)

5.    Plaintiff alleges he is entitled to "compensatory and punitive damages in an amount to be determined by a struck jury, plus interests, costs, expenses, and all other relief allowed for under Alabama law." (Compl. pp. 3-4.)

## II.    DIVERSITY JURISDICTION

6.    The United States District Court for the Southern District of Alabama possesses diversity jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a).

### A.    DIVERSITY OF CITIZENSHIP

7.    The Complaint alleges that Plaintiff is a resident of Alabama. (Compl. ¶ 1.) Plaintiff is thus a citizen of Alabama for jurisdictional purposes.

8.    The Complaint alleges that Defendant Danny Martinez is a resident of Mississippi. (Compl. ¶ 2.) Mr. Martinez is therefore a citizen of Mississippi for jurisdictional purposes.

9.    The Complaint alleges that Davey is a foreign corporation qualified to do business in Alabama. (Compl. ¶ 3.) Davey is in fact a Delaware corporation with its principal place of business in Ohio, and is therefore a citizen of Delaware and Ohio for jurisdictional purposes. *See* 28 U.S.C. 1332(c)(1).

10.    Accordingly, complete diversity of citizenship exists.

### B.    AMOUNT IN CONTROVERSY

11.    The amount in controversy in this action exceeds the sum or value of $75,000, exclusive of interest and costs.

12.    While Plaintiff alleges that "the amount of damages are less than $75,000.00," (Compl. ¶ 6), he seeks both compensatory and punitive damages in this case, as well as "all other relief allowed for under Alabama law." (*Id.* at pp. 3-4.)

13.     "[A] defendant's notice of removal need only include a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014).  Davey does "not need to prove to a legal certainty that the amount in controversy has been met." *Id.* A defendant is only required to submit evidence establishing the amount in controversy "when the plaintiff contests, or the court questions, the defendant's allegation." *Id.* at 89.

14.     "[A] removing defendant is not required to prove the amount in controversy beyond all doubt or to banish all uncertainty about it." *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 754 (11th Cir. 2010).

15.     In determining the amount in controversy, "the court is allowed reasonable deductions and extrapolations." *Smith v. State Farm Fire & Cas. Co.*, 868 F. Supp. 2d 1333, 1335 (N.D. Ala. 2012).

16.     A court must consider a claim for punitive damages unless it is apparent to a legal certainty that such cannot be recovered. *See Lowe's OK Used Cars, Inc. v. Acceptance Ins. Co.*, 995 F. Supp. 1388, 1389 (M.D. Ala. 1998); *see also Renfroe v. Allstate Prop. & Cas. Ins. Co.*, No. 10–00359–CG–B, 2010 WL 4117038, at *4 (S.D. Ala. Sept. 23, 2010) (citing *Rae v. Perry*, 392 Fed. Appx. 753 (11th Cir. Aug. 16, 2010)).

17.     It is "crystal clear" that "at the moment a state court plaintiff seeks unspecified damages of various kinds, such as punitive damages, or emotional distress, or attorneys' fees, the claim automatically is deemed to exceed $75,000 and becomes removable under 28 U.S.C. § 1332."  *Jones v. Hartford Fire Ins. Co.*, 2013 WL 550419, at *1 (N.D. Ala. Feb. 7, 2013) (citing *Smith*, 868 F. Supp. at 1333; *Tucker v. Northbrook Indem. Co.*, 2013 WL 5961095, at *1 (N.D. Ala. Nov. 7, 2013) ("The 'legal certainty' that there could not be sufficient punitive damages to

take the recovery beyond $75,000 is virtually impossible to demonstrate."). In *Smith*, the Court stated:

> The court is willing to go so far as to inform plaintiffs . . . who want to pursue claims against diverse parties in a state court seeking unspecified damages . . . such as punitive damages . . . [that they] must in their complaint formally and expressly disclaim any entitlement to more than $74,999.99, and categorically state that plaintiff will never accept more.

868 Supp. 2d at 1335.

18.     Moreover, because Davey is a corporate defendant, Plaintiff's punitive damages claims made against it must be carefully evaluated by this Court. "[W]hen considering claims for punitive damages against large companies, it is clear that 'any award that is soundly and honestly calculated to punish and deter [a large company's] wanton behavior . . . would have to be substantial.'" *Pullum v. Ford Motor Co.*, No.: 2:19-cv-120-ECM, 2019 WL 2578948, at *2 (M.D. Ala. June 21, 2019) (quoting *Roe v. Michelin N. Am. Inc.*, 637 F. Supp. 2d 995, 998 (M.D. Ala. 2009), *aff'd*, 613 F.3d 1058 (11th Cir. 2013)). In *Pullum v*, the court held a large punitive damages award could be awarded, and ultimately, plaintiff's motion to remand was denied. *Id.* at *2-3.

19.     "Where there is the reasonable possibility of an award of punitive damages greater than the jurisdictional minimum, as the court may determine from its 'judicial experience and common sense,' removal is proper." *Taylor v. Alabama CVS Pharmacy, L.L.C.*, 2017 WL 3009695, at *2 (N.D. Ala. July 14, 2017) (quoting *Roe*, 613 F.3d at 1065).

20.     Plaintiff's bald allegation that "the amount of damages are less than $75,000" does not amount to an express disclaimer of any amount above $74,999.99, particularly when read in the context of his damages sought, including emotional distress and punitive damages from a corporate defendant. In fact, Plaintiff's claim for punitive damages from Davey alone creates a "reasonable possibility of an award of punitive damages greater than the jurisdictional minimum."

21.     The jurisdictional threshold for removal is therefore met.

III.    **Procedural Requirements for Removal**

22.     Davey was served by certified mail sent to its registered agent in the State of Alabama on December 13, 2021. Accordingly, this Notice of Removal is timely filed under 28 U.S.C. § 1446(b).

23.     Defendant Danny Martinez has not been served with Plaintiff's Complaint. *See* State Court file attached as Exhibit 1. Therefore, his consent is not necessary. *See* 28 U.S.C. § 1446(b)(2)(A).

24.     The Circuit Court of Hale County, Alabama is located within the Southern District of Alabama. Therefore, venue is proper in this Court because it is the "district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

25.     Pursuant to 28 U.S.C. § 1446(a), a true and correct copy of all process, pleadings, and orders served upon Davey are attached as Exhibit 1.

26.     Immediately following the filing of this Notice of Removal, written notice of this Notice of Removal will be delivered to counsel for Plaintiff as required by 28 U.S.C. § 1446(d).

27.     Pursuant to 28 U.S.C. § 1446(d), Davey will promptly file a copy of this Notice of Removal with the Clerk of the Circuit Court of Hale County, Alabama.

WHEREFORE, Defendant Davey Resource Group, Inc., hereby give notice that the above-captioned action is removed to this Court from the Circuit Court of Hale County, Alabama, and prays this action proceed as a case properly removed with no further proceedings in the State Court Action.

Dated: January 12, 2022.

Respectfully submitted,


s/ *J. Patrick Strubel*
J. Patrick Strubel
WATKINS & EAGER PLLC
Saks Building
1904 First Ave. North, Ste 300
Birmingham, Alabama 35203
T: (205) 598-2100
pstrubel@watkinseager.com
***Attorney for Defendant Davey Resource Group, Inc.***

## CERTIFICATE OF SERVICE

I do hereby certify that I have this the 12th day of January 2022 forwarded a true and correct copy of the above and foregoing to the following via CM/ECF and/or by U.S. Mail:

Zane L. Willingham
David T. Shaw
GREISS, SHAW & WILLINGHAM, P.C.
P.O. Box 528
Eutaw, AL 35462
zlw@eutawlaw.com
dts@eutawlaw.com
**Attorneys for Plaintiff**

                                        */s/ J. Patrick Strubel*
                                        Of Counsel