IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| TYRONE WALLER, | ) |
| Plaintiff, | ) |
| v. | ) CIVIL ACTION NO. 22-0015-KD-MU |
| DAVEY RESOURCE GROUP, INC., *et al.*, | ) |
| Defendants. | ) |

## **REPORT AND RECOMMENDATION**

This matter is before the Court on Plaintiff's Motion to Remand and Motion to Require the Defendant to Pay Attorney Fees (Doc. 2), Defendant Davey Resource Group, Inc.'s Response in Opposition to Plaintiff's Motion to Remand and Motion for Attorney's Fees (Doc. 6), and Plaintiff's Response to Defendant's Opposition to Plaintiff's Motion to Remand (Doc. 7). These motions have been referred to the undersigned Magistrate Judge for entry of a report and recommendation, pursuant to 28 U.S.C. § 636(b)(1)(B) and S.D. Ala. Gen LR 72(a)(2)(S). Upon consideration of all relevant filings in this case, the undersigned recommends that Plaintiff's motion to remand be **GRANTED** and that this action be **REMANDED** to the Circuit Court of Hale County, Alabama for the reasons set forth below. The undersigned further recommends that Plaintiff's motion to require Defendant to pay attorney's fees be **DENIED.**

## **I. Background**

On December 8, 2021, Plaintiff filed a complaint against Defendants Danny Martinez and Davey Resource Group, Inc. ("Davey") in the Circuit Court of Hale County,

Alabama seeking compensatory and punitive damages due to injuries he suffered in a motor vehicle accident with a vehicle driven by Martinez and owned by Davey. (Doc. 1-1). In his complaint, Plaintiff alleges claims for negligent and/or wanton operation of a vehicle against Martinez and negligent and/or wanton entrustment of a vehicle against Davey. (*Id.*). While Plaintiff's complaint does not seek a specific amount of damages, it does state that "the amount of damages are less than $75,000.00." (*Id.* at p. 3).

Davey filed a Notice of Removal, pursuant to 28 U.S.C. §§ 1332(a), 1441(b), and 1446, removing the action to this Court on January 12, 2022. (Doc. 1). At the time of removal, Martinez had not been served with Plaintiff's Complaint. (*Id.* at p. 5). In its notice of removal, Davey alleged that removal was proper pursuant to 28 U.S.C. § 1332 because the action is between citizens of different states and the amount in controversy exceeds the sum of $75,000. (*Id.* at p. 2). Plaintiff moved to remand this case on January 18, 2022, on the ground that Davey has failed to prove by a preponderance of the evidence that the amount in controversy exceeds $75,000. (Doc. 2).

## II. Legal Analysis

Defendant Davey removed this case to federal court and thus has the burden of proving that federal jurisdiction exists. *See Williams v. Best Buy Co.*, 269 F.3d 1316, 1319 (11th Cir. 2001); *Davidson v. Liberty Mut. Ins. Co.*, CA 16-0516-KD-C, 2016 WL 7428220, *5 (S.D. Ala. Dec. 8, 2016). Federal courts are courts of limited jurisdiction and must "proceed with caution in construing constitutional and statutory provisions dealing with [their] jurisdiction." *Victory Carriers, Inc. v. Law*, 404 U.S. 202, 212 (1971), *quoted in Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999). "Because removal jurisdiction raises significant federalism concerns, federal courts are

directed to construe removal statutes strictly," and "**all doubts about jurisdiction should be resolved in favor of remand to state court**." *Univ. of S. Ala.*, 168 F.3d at 411 (emphasis added); *see also Burns v. Windsor Insurance Co.,* 31 F.3d 1092, 1095 (11th Cir. 1994) (holding that any questions or doubts are to be resolved in favor of returning the case to state court). Davey claims in this case that federal jurisdiction is proper on the basis of diversity of citizenship. (Doc. 1). Therefore, Davey bears the burden of establishing that Plaintiffs are diverse from Defendants and proving by a preponderance of the evidence that the amount in controversy exceeds the $75,000 jurisdictional requirement. *See Williams*, 269 F.3d at 1319; *Tapscott v. MS Dealer Service Corp.*, 77 F.3d 1353, 1357 (11th Cir. 1996), *abrogated on other grounds by Cohen v. Office Depot, Inc.*, 204 F.3d 1069 (11th Cir. 2000).

In this case, because diversity of the parties is not at issue, the question presented is whether Davey has met its burden of proving that the amount in controversy exceeds the jurisdictional limit. Plaintiff's complaint does not seek a specific amount of damages, but instead states the damages are less than $75,000. (Doc. 1-1). The Complaint also does not set forth any specific amount of medical expenses, lost wages, or any other special damages. (*Id.*). In a case in which the complaint does not set forth a specific amount of damages, removal is proper if the requisite amount in controversy is "facially apparent from the complaint." *Williams,* 269 F.3d at 1319. If the amount in controversy is not facially apparent, the court may look to the notice of removal and to evidence submitted that is relevant to the amount in controversy at the time the case was removed. *Id*. (citing *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936)). In this case, the amount in controversy is not facially apparent

from the complaint; therefore, the Court must look to the notice of removal and other evidence submitted to determine if the amount in controversy is met.

In his complaint, Plaintiff seeks recovery of an unspecified amount of compensatory and punitive damages based on unspecified injuries he received in an automobile accident. (Doc. 1-1). The only evidence of a specific amount of damages submitted by either party is the statement in the complaint that damages are less than $75,000. (*Id.* at p. 2). Because the amount of damages sought is not determinable from the complaint, Davey "'must prove by a preponderance of the evidence that the amount in controversy more likely than not exceeds' $75,000, exclusive of interest and costs." *Boehm v. Terminix Int'l Co. Ltd. P'ship*, Civil Action 22-0001-WS-M, 2022 WL 229890, at *1 (S.D. Ala. Jan. 25, 2022) (quoting *Roe v. Michelin North America, Inc.,* 613 F.3d 1058, 1061 (11th Cir. 2010)). "In some cases, this burden requires the removing defendant to provide additional evidence demonstrating that removal is proper." *Roe*, 613 F.3d at 1061 (citing *Pretka v. Kolter City Plaza II, Inc.,* 608 F.3d 744 (11th Cir. 2010)).

Here, Davey relies solely on the fact that Plaintiff seeks punitive damages to support its claim that the amount in controversy exceeds $75,000. "While a request for punitive damages does not automatically establish the amount-in-controversy, a court may properly consider punitive damages in the evaluation of whether a defendant has shown that the amount-in-controversy is satisfied." *Fox v. Winn-Dixie Montgomery, LLC,* Civ. A. No. 21-00306-CG-B, 2021 WL 4484564, at *6 (S.D. Ala. Sept. 13, 2021) (quoting *Hogan v. Mason,* Civ. A. No. 2:16-BE-1732-S, 2017 WL 1331052, at *3 (N.D. Ala. Apr. 11, 2017)). "But there is nothing talismanic about such a demand that would

*per se* satisfy the amount-in-controversy requirement and trigger federal subject-matter jurisdiction." *Id*. (quoting *Lambeth v. Peterbilt Motors Co.,* Civ. A. No. 12-0169-WS-N, 2012 WL 1712692, at *4 (S.D. Ala. May 15, 2012)). "A conclusory allegation . . . that the jurisdictional amount is satisfied, without setting forth the underlying facts supporting such an assertion, is insufficient to meet the defendant's burden." *Williams*, 269 F.3d at 1319-20; *Burns*, 31 F.3d at 1097. Although courts are allowed to assess a plaintiff's claim based on their judicial experience and common sense, *see Rachel v. PNC Bank, N.A.,* Civ. A. 16-00351-KD-MU, 2017 WL 1362034, at *2-3 (S.D. Ala. Apr. 10, 2017), it is impermissible for courts to speculate on the amount in controversy, *see Lowery v. Alabama Power Co.*, 483 F.31184, 1209, 1215 (11th Cir. 2007).

In this case, Davey's reliance on Plaintiff's claim seeking punitive damages to support its alleged assessment of the amount in controversy has little to support it. There is no indication in the complaint of the severity of injuries, the amount of special damages, or the egregiousness of the defendants' conduct, and Davey did not submit any evidence on these matters to support its argument. It would be speculative on this Court's part to find that the amount in controversy exceeds the jurisdictional limit of $75,000 under these circumstances. Keeping in mind the directive that "all doubts about jurisdiction should be resolved in favor of remand to state court," *see Univ. of S. Ala.*, 168 F.3d at 411, the Court finds here that Davey has failed to prove by a preponderance of the evidence that the amount in controversy exceeds $75,000.

### III. **Motion for Fees**

Plaintiff seeks recovery of the attorney's fees incurred in seeking remand of this action, pursuant to 28 U.S.C. § 1447(c). Section 1447(c) provides that "[a]n order

remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." The Supreme Court has held that "courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.,* 546 U.S. 132, 141 (2005). The Court indicated that application of this rule is within the district court's discretion. *Id.* Although it is a close question here, the Court finds that Davey's ground for removal, while not ultimately successful, was objectively reasonable.

## IV. Conclusion

Based on the foregoing, it is **RECOMMENDED** that Plaintiff's motion to remand be **GRANTED,** and that this action be transferred back to the Circuit Court of Hale County, Alabama. It is further **RECOMMMENDED** that Plaintiff's motion to recover attorney's fees be **DENIED.**

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D. Ala. Gen. LR 72(c)(1) & (2). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was

informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1. To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this the **10th** day of **February, 2022**.

s/P. BRADLEY MURRAY
UNITED STATES MAGISTRATE JUDGE